**State of Vermont**
**Superior Court—Environmental Division**

==========================================================================
# E N T R Y   R E G A R D I N G   M O T I O N
==========================================================================

**In re Roystan Ridge Extraction Permit**                    **Docket No. 121-7-10 Vtec**
**(Appeal from Development Review Board of the Town of Newbury)**

Title:  Motion to Disqualify Party (Filing No. 4)

Filed:  November 12, 2010

Filed By:  Applicants James B. and Alma L. Roystan

Response in opposition filed on November 22, 2010 by Natasha Longmoore

Further Response filed on November 26, 2012 by Natasha Longmoore

Response in opposition filed on November 26, 2012 by Appellant Sandra J. Soseos

Reply to opposition filed on November 27, 2012 by Applicants

Further Response filed on November 27, 2012 by Natasha Longmoore


 _X_  Granted                    ___ Denied                    ___ Other

Currently before the Court is Applicants James B. Roystan and Alma L. Roystan's ("Applicants") Motion to Disqualify Natasha Longmoore as an Interested Party.  Applicants claim that Mrs. Longmoore does not have standing to appear in this matter.  For the reasons detailed below, we agree and therefore **GRANT** Applicants' Motion.

The background to this Motion is as follows. On September 29, 2010 Natasha Longmoore filed her pro se appearance as an Interested Person in the above-referenced appeal. On November 12, 2010 Applicants filed a Motion to Disqualify Mrs. Longmoore as an Interested Person on the grounds that Mrs. Longmoore had failed to satisfy the standards laid out in 24 V.S.A. § 4461(b) and § 4465(b) regarding how to obtain standing as an Interested Person in a land use appeal brought to this Court.  In short, Applicants assert that Mrs. Longmoore did not enjoy special status as an Interested Person under § 4465(b) and, in particular, failed to show, under § 4465(b)(3), that she either owned or occupied property in the immediate neighborhood of the proposed development and could demonstrate that the proposed development would have an impact on a protected interest of hers.

On November 22, 2010, Mr. and Mrs. Longmoore filed a letter signed by Natasha Longmoore entitled "Motion To Not Disqualify Party" which emphasized a desire to appear in this matter as an Interested Person.

In December 2010, this appeal and all pending motions were stayed for the Applicants to file an Act 250 application with the District Environmental Commission.  The matter remained stayed until a telephone conference with the Court on October 22, 2012, when the Court re-activated this appeal and invited all parties to file responses to Applicants' Motion to Disqualify Natasha Longmoore as a party.

In apparent response to the Court's invitation, on November 26, 2012, the Court received from Mrs. Longmoore a handwritten letter stating that "upon Attorney Robinson's advice I declined myself [sic] from the Roystan Ridge extraction." However, Mrs. Longmoore goes on to say that "we'd still like to be interested persons in this matter." Id.

On November 26, 2012 the Court also received a response to Applicants' motion from Sandra J. Soseos ("Appellant"). Appellant referred to Natasha Longmoore's handwritten letter as a request not to be disqualified and argued that Mrs. Longmoore be allowed to remain as an Interested Person in this matter. Appellant also referred to Mrs. Longmoore as being "disqualified as a Witness." Id.

On November 27, 2012 the Court received a letter from Applicants' attorney stating that he had been contacted by Natasha Longmoore by telephone and that she had confirmed to him that she did not want to participate in this appeal any further.

Finally, and also on November 27, 2012, the Court received a further handwritten letter from Natasha Longmoore stating that she wished to "withdraw myself as a[n] interested person concerning the Roystan Ridge Extraction." Id.

In this appeal, despite earlier ambiguity in her letter of November 26, 2012, Natasha Longmoore, in her letter of November 27, 2012, clearly states that she no longer wishes to be an Interested Person in this matter. While 24 V.S.A. § 4465 does not explicitly address the issue of a party voluntarily withdrawing from an appeal as an Interested Person, it is clear that the Court has no power to compel a party to remain as an Interested Person. Further, we have yet to receive from Mrs. Longmoore even a minimal showing of why she is entitled to standing in this appeal. As such, the Court accepts Natasha Longmoore's request to withdraw as an Interested Person and hereby **GRANTS** Applicants' Motion to Disqualify Natasha Longmoore as an Interested Person in this appeal.

By way of clarification, with regards Appellant Soseos's letter dated November 26, 2012, this Order relates to Natasha Longmoore's status as an Interested Person and does not impact on the question of whether she may be called as a witness by any remaining party to this appeal.

_____          _____December 21, 2012_____
        Thomas S. Durkin, Judge                                      Date
==================================================================================
Date copies sent: _____                                  Clerk's Initials: _____
Copies sent to:
  Attorney Colin Robinson for Appellees James B. Roystan and Alma Roystan
  Appellant Sandra J. Soseos
  Interested Person Natasha Longmoore
  Attorney Gavin A. Reid for Interested Person Town of Newbury